## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Garry Ostrander**<br>**Jane Ostrander**,<br><br>*Plaintiff*<br><br>Vs.<br><br>**Cohen & Slamowitz LLP**<br>*Defendant* | **COMPLAINT**<br><br>*Jury Demanded*<br><br>`Case No. 1:12-CV-0366`<br>`(GTS/RFT)` |

Albany County            }
New York State          } ss:

Garry Ostrander and Jane Ostrander, the Plaintiffs in this action, complain of the defendant by alleging and showing that:

### NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §§1692 *et seq.*

2. By way of introduction, The Fair Debt Collection Practices Act generally prohibits debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C.§§ 1692 *et seq.* Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, *id.* § 1692c; restricts whom a debt collector may contact regarding a debt, *id.*; prohibits the use of harassing, oppressive, or abusive measures to collect a debt, *id.* § 1692d; and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt, *id.* §§ 1692e, 1692f.

**JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202

2.      Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and has an office in  this district  and the injury occurred in this district.

**PARTIES**

3.      At all relevant times:

   a.   We are and have been  residents of Stone Ridge, Ulster County, New York State, within this district,

   b.   Each of  us is  a " consumer" as that term is defined in the FDCPA, in that each is an individual who allegedly owes a debt to another.

4.      Upon information and belief, at all relevant times, the defendant **Cohen & Slamowitz LLP ( CS)**  :

   a.   is a New York limited liability partnership  with a principal place of business at Woodbury  New York.

   b.   Is a "debt collector" as that term is  defined in the FDCPA;

   c.   transacts business in this district and has an agent in this district;

    d.  Is in the business of collecting consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

**FACTUAL ALLEGATIONS**

5.    In January 2012  CS  sued us  on behalf of Capital One Bank ( USA) NA  in the state Supreme Court for Ulster  County.  ( "state court action")

6.    A true copy of the summons and complaint filed in the state court action is attached as Exhibit 1.

7.    The subject of the state court action  was an alleged credit card debt which,  whether we owe it or not, is an  obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA

8.    Our  attorney answered the complaint on 1/31/12  and he has represented us in the lawsuit at all times .

9.     A true copy of the Answer our  attorney interposed,  with  relevant correspondence and mailing and filing information,  is attached to this as Exhibit 2.

10.    According to the United States Post Office, defendant received our Answer on 2/2/12, which we ask the Court to take notice of. [1]

---

[1] See Ex 2

11.  Days later, on 2/7/12, defendants sent each of us a Notice to Admit Truth of Facts" ("Notice").

12.  A true copy of the Notice we received, with the postmarked envelopes, is attached as Exhibit 3.

13.  The Notice was signed by Mitchell Pashkin who, as we are informed and believe, works for CS. as an attorney.

14.  Pashkin issued the Notice in the normal course of his employment with CS and at CS' instance, direction and supervision.

15.  Defendants did not send this Notice to our attorney. In fact, the Notice identifies each of us as a pro se defendant, without identifying our attorney, contradicting the facts.

16.  At all times before 2/7/12:

   a.  We did not consent to defendants' direct communication with us, and

   b.  No court of competent jurisdiction gave Defendants express permission to communicate with us.

17.  At all times on and after 2/2/12:

   a.  Defendants knew we were represented by an attorney in respect to the subject debt and knew his name and address;[2]

   b.  Defendants did not ask our attorney if it could contact us directly.

---

[2] see Ex 4

c. My attorney did not give his consent to defendants' direct communication with us;

d. My attorney did not fail to respond within a reasonable period of time to any communication from CS which would have precipitated the sending of the Notice to us and not him.

18.     As a result of defendants' disregard for our attorney's representation in its attempts to collect this alleged debt from us , each of us became annoyed, abused, stressed , humiliated, sleepless, restless and anxious, angry at our lawyer who we immediately thought had abandoned us when he hadn't, all of this making each of us uncomfortable and insecure in our daily activities, feelings which have persisted from 2/9/12 on.

## COUNT 1
### *(Violation of the Fair Debt Collection Practices Act)*

19.     We repeat the allegations of the preceding paragraphs.

20.     Defendants' act of sending the Notice to us in its attempt to collect a debt violates 15 USC § 1692c (a)(2) by communicating with us when defendants knew we were represented by counsel in the lawsuit.

## COUNT 2
### *(Violation of the Fair Debt Collection Practices Act)*

21.     I repeat the allegations of the preceding paragraphs.

22.     Defendants' actions, while attempting to collect this alleged debt, of sending the Notice   directed only at us  and not our attorney of record:

    a.   Seeks to harass, humiliate us and bully us into paying a debt we have denied, in violation of 15 USC §1692d;

    b.   Violates 15 USC §1692e(11) in that the Notice fails to say it was from a debt collector and that the debt collector is attempting to collect a debt.

    c.   Is unfair per 15 USC §1692f as it seeks to pit us  against our  lawyer, seeks to have us  deal with CS directly rather than through our lawyer, and seeks to cast us in an unfavorable light with the Court.

23.     Upon information and belief defendant's   actions in the above Counts were frequent, intentional, and persistent.

24.     As a result I have been damaged.


**DEMAND FOR JURY TRIAL**

We ask for a jury trial of all issues.

**WHEREFORE**,  we  ask the Court for judgment:

a.   declaring the actions of defendants  in violation of the FDCPA ;

b.   awarding each of us  our actual damages;

c.   awarding each of us  statutory damages against the  defendant per 15 USC §1692k;

d.   awarding us  costs and disbursements of this action,  and our  reasonable attorney's fees ( per 15 USC 1692k),  and

e.   such other, further and different relief as the Court finds proper here.

DATED:    2/15/12

*s/ Anthony J Pietrafesa*

**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

New York State            }
Albany County             } ss:


Garry Ostrander and Jane Ostrander,  being duly sworn, deposes and says: we are the  plaintiffs in this action, we have read the complaint, and the factual allegations contained in the complaint are true to our  personal knowledge except for those based on our  information and belief, and as to those we believe them to be true.

*s/ Garry Ostrander*

_____
Garry Ostrander


*s/ Jane Ostrander*

_____
Jane Ostrander.



Sworn to and Subscribed
Before me on  2/15/2012

*s/ Anthony J Pietrafesa*

_____
Anthony J. Pietrafesa
Notary Public Albany County
02PI6155974
My Commission exp. 11/20/2014